**ESTATE of Gustave W. FORSBERG, deceased, etc., Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**No. 12149.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 19, 1954.

Decided Jan. 27, 1955.

Mr. Horace J. Donnelly, Jr., Washington, D. C., for petitioner.

Mr. George C. Updegraff, Asst. Corp. Counsel for District of Columbia, with whom Mr. Vernon E. West, Corp. Counsel, and Messrs. Chester H. Gray and George F. Donnella, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

The District of Columbia has an estate tax which is fixed at a maximum equal to 80 per cent of the federal estate tax. The tax is that simple. The statute provides:

"In addition to the taxes imposed by sections 47–1601 to 47–1607, there is hereby imposed upon the transfer of the estate of every decedent who, after this chapter becomes effective, shall die a resident of the District, a tax equal to eighty per centum of the Federal estate tax imposed by section 810, Title 26, U.S.Code, as amended, or as hereafter amended or reenacted.[1]

From the tax computed at a gross of 80 per cent of the federal tax, local inheritance taxes are deducted, and the net balance is the tax payable.[2]

The federal estate tax is a tax of infinite complexities—problems of inclusions and exclusions, of valuations, deductions, credits, etc. Its computations are intricate and difficult. But not so the District estate tax. The latter is 80 per cent of whatever the federal tax is, less the inheritance tax.

Our petitioner is an estate liable for a District estate tax. It filed its federal return and paid the tax there due. It also filed its District return and paid the tax there due, which was 80 per cent of the federal tax. The federal authorities assessed an additional tax. Our petitioner paid it. The District Tax Assessor then assessed as an additional local tax 80 per cent of the additional federal tax. Our petitioner paid that.

1. D.C.Code § 47–1608 (1951), 50 Stat. 687 (1937), as amended.

2. District of Columbia v. Safe Deposit & Trust Co., D.C.Cir.1940, 72 App.D.C. 197, 116 F.2d 21.

Then our petitioner filed claims for refund for both additional taxes. In its federal claim our petitioner made several technical claims respecting the valuations of securities, a recovered asset, and a deductible expense. In the District claim it claimed, without furbishment an amount equal to 80 per cent of any reduction in tax the federal authorities might finally determine. This was the only sort of claim it could make, because the District officials have no authority to consider matters of merit going to the composition of the federal tax; they make only an arithmetical computation based upon that tax.

Consideration of petitioner's federal claim took time. Not so the District claim. The Assessor forthwith denied it, stating no ground. Thereupon the statutory time (90 days)[3] allowed for appeal began to run, and, being unable to compel action by the federal authorities, petitioner took its problem to the District of Columbia Tax Court. That court dismissed the case, because it had no information as to how much, if any, refund was due petitioner. It held that the claim and petition failed to state the specific grounds upon which they were founded. Hence the present appeal.

The Tax Court has a reserve calendar[4] upon which cases necessarily postponed for consideration are placed, "as, for example," the Rule says, "to await the decision of a court in a pending case." The interests of justice require that the present case be placed on that calendar to await the determination of the federal tax by the federal authorities. Petitioner owes the District 80 per cent of that amount, whatever it may be, no more and no less.

The view expressed by the Tax Court that the District Assessor may determine the amount of the "credit", regardless of any determination by the federal authorities, is erroneous. The interjection of the "credit" idea into the problem is confusing. We are concerned with the amount of a tax, not the amount of a credit. The "credit" allowance enters the problem from the federal point of view, not from the District viewpoint.[5] The taxpayer is allowed for federal purposes a credit up to 80 per cent of the federal tax, if he pays that much local tax. Moreover it is clear that the amount of tax due the District is fixed by the local statute at a percentage of the federal tax and by no other consideration whatever.

The case will be remanded to the Tax Court to be placed upon its reserve calendar in accordance with the foregoing.

Remanded with instructions.

3. D.C.Code § 47–2413 (1951) (Supp. II), 66 Stat. 546 (1952).

4. Rules of Procedure before the District of Columbia Tax Court 19(c) (1951).

5. The credit idea is included in the District statute as a statement of the purpose of the tax at 80 per cent of the federal tax.