**AMERICAN SECURITY AND TRUST COMPANY, Executor u/w of Florence Monfort Gheen, Deceased, Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**No. 13042.**

United States Court of Appeals District of Columbia Circuit.

Argued April 25, 1956.

Decided May 17, 1956.

Mr. Benton C. Tolley, Jr., Washington, D. C., with whom Mr. John E. Larson, Washington, D. C., was on the brief, for petitioner.

Mr. Leo J. Ehrig, Jr., Asst. Corp. Counsel for the District of Columbia, for respondent.

Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George C. Updegraff, Asst. Corp. Counsel, were on the brief for respondent.

Mr. George F. Donnella, Asst. Corp. Counsel, also entered an appearance for respondent.

Before EDGERTON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This case is before the court on a petition for review of a decision of the District of Columbia Tax Court, hereinafter referred to as the Tax Court.

The facts are undisputed and may be summarized as follows:

On February 9, 1953, the petitioner, as the executor of the estate of Florence Monfort Gheen, filed a federal estate tax return showing a gross estate of $552,-184.90, which included the assets of an irrevocable trust created by the decedent on March 4, 1930, of the value of $488,-448.06. A federal estate tax of $129,-386.99 was paid. On April 13, 1953, a District of Columbia estate tax of $11,-

---

514.58 was paid, being 80% of the gross basic federal estate tax, that is to say, $11,841 less an inheritance tax of $326.-42 theretofore paid to the District.

On August 15, 1953, the Technical Changes Act of 1953, 67 Stat. 615, 26 U.S.C.A. Int.Rev.Acts became effective. It provided, so far as pertinent here, that an irrevocable trust created by a decedent prior to 1931 under which the grantor retained the life income was not includable in decedent's gross estate for federal estate tax purposes. This resulted in there being no federal estate tax due; consequently, there would be no District of Columbia estate tax due as the District estate tax was dependent on the federal estate tax.

On September 3, 1953, shortly after the effective date of the Technical Changes Act, petitioner filed a claim for refund of the entire amount of the federal estate tax paid on February 9, 1953; but it was not until August 5, 1955, that petitioner filed a claim with the Assessor of the District of Columbia for refund of the District estate tax paid April 13, 1953.

The Assessor, on August 17, 1955, notified petitioner that the claim for refund was denied; whereupon, petitioner appealed to the Tax Court from such denial.

The respondent, District of Columbia, filed in the Tax Court a motion to dismiss the petition on the ground that that court was without jurisdiction because it was not shown that the claim for refund was seasonably filed. On this motion the Tax Court entered an order dismissing the proceeding for lack of jurisdiction. The Tax Court held that the language of § 47–2413, D.C.Code, 1951 Edition, Supplement III (quoted in the margin):[1]

"* * * is plain. As far as pertinent here it provides (a) that no refund shall be allowed unless a claim is filed within two years from the date of payment of the tax; (b) that the amount of refund shall not exceed the portion of the tax paid during the two years immediately preceding the filing of the claim; and (c) that this Court has jurisdiction only in the event that the claim for refund is seasonably filed. Here it will be seen that the claim for refund was not filed within two years of payment of the tax. The Court, therefore, has no jurisdiction to decide anything. If it had jurisdiction, it would not hesitate to hold that the Assessor was correct in denying the claim, since he had no authority to do otherwise."

With this we agree.

Petitioner cites in this court, as it did before the Tax Court, Forsberg's Estate v. District of Columbia, 95 U.S.App.D.C. 90, 220 F.2d 197. But there the claim was filed within the time specified in § 47–2413.

It follows that the decision of the Tax Court must be and is

Affirmed.

---

1. "§ 47–2413. Overpayments—Board of Tax Appeals. (a) Where there has been an overpayment of any tax, the amount of such overpayment shall be refunded to the taxpayer. *No such refund shall be allowed after two years from the date the tax is paid unless before the expiration of such period a claim therefor is filed by the taxpayer.* The amount of refund shall not exceed the portion of the tax paid during the two years immediately preceding the filing of the claim, or if no claim is filed, then during the two years immediately preceding the allowance of the refund. * * *

"(b) In any proceeding under this chapter, the Board of Tax Appeals for the District of Columbia shall have jurisdiction to determine whether there has been any overpayment of tax and to order that such overpayment be credited or refunded to the taxpayer: Provided, That *a timely refund claim has been filed.* * * *" [Emphasis supplied.]